UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------
JOHN J. FIERO & FIERO BROTHERS, INC.,

          Plaintiffs,

-against-

NATIONAL ASSOCIATION OF SECURITIES
DEALERS, INC.,

          Defendant.
-------------------------------------------------------------

Docket No.

COMPLAINT



RECEIVED
AUG 29 2007
U.S.D.C. ... N.Y.
CASHIERS

    Plaintiffs John J. Fiero ("Fiero") and Fiero Brothers, Inc. (Fiero Brothers") (collectively, the "Fieros") by and through their attorneys, Gusrae, Kaplan, Bruno & Nusbaum PLLC, complaining of the defendant National Association of Securities Dealers, Inc. ("NASD"), alleges:

### Preliminary Statement

    1.    This action arises out of the NASD's claim against the Fieros, jointly and severally, for $1,010,809.25, with interest from October 28, 2002 (the "NASD Claim").

    2.    The NASD has filed a novel action in New York state court seeking to recovery on a disciplinary award and has obtained a judgment against the Fieros, entered with the New York County Clerk on June 1, 2006, against the Fieros in the amount of $1,329,724.54 (the "Judgment").

    3.    For over 65 years since its registration in 1939 with the United States Securities and Exchange Commission ("SEC") as a self-regulatory organization, until just recently, the NASD has never brought a court action to recover a disciplinary fine.

4. The parties are currently in the midst of an appeal at the New York Court of Appeals, where the Fieros have argued that the state courts do not have subject matter jurisdiction over the NASD Claim, for which only exclusive federal jurisdiction obtains.

5. By this action, in the event the New York Court of Appeals determines that the state court lacks subject matter jurisdiction – and that any such claim by the NASD belongs, if at all, only in federal court – the Fieros seek a declaratory judgment, pursuant to 28 U.S.C. § 2201, that the Fieros have no legally cognizable liability on the NASD Claim.

### Jurisdiction and Venue

6. This Court maintains original jurisdiction over this civil action pursuant to 28 U.S.C. § 1331, in that the subject matter of this suit arises from the laws of the United States. Specifically, the liability asserted by the NASD arises out of the Securities Exchange Act of 1934 ("Exchange Act"), as amended, 15 U.S.C.A. §78a, *et seq.*, and rules thereunder. Exclusive federal jurisdiction is conferred by Section 27 of the Exchange Act, 15 U.S.C. § 78aa.

7. Venue is proper here pursuant to 28 U.S.C. § 1391(b)(2).

### The Parties

8. Fiero is a natural person.

9. Fiero Brothers is corporation organized under the laws of the State of New York.

10. NASD is a non-profit corporation organized under the laws of the State of Delaware.

**Factual Background**

11.  During the period relevant herein, NASD was a self-regulatory organization, whose function and responsibilities included the regulation and discipline of registered representative, stockbrokers and other persons in the securities industry.

12.  During the relevant period, Fiero was subject to the regulations and discipline of NASD by reason of his employment and activities in the securities industry and by his execution and filing of a U-4 application dated August 15, 1990.

13.  During the relevant period, Fiero Brothers was subject to the regulations and discipline of NASD by reason of its filing of forms BD dated August 15, 1990 and March 20, 1992.

14.  In February 1998, the NASD initiated a disciplinary complaint against the Fieros (and others) in regard to short-selling activities.

15.  A hearing panel of the NASD issued a decision dated December 6, 2000, expelling Fiero Brothers from NASD membership, barring Fiero from association with any member firm in any capacity, and fining both Fiero and Fiero Brothers $1 million (jointly and severally), and ordering them to pay costs (jointly and severally) in the amount of $1,010,809.25.

16.  The Fieros appealed within the NASD disciplinary structure to the NASD National Adjudicatory Council ("NAC").

17.  The NAC issued a decision (the "NAC Decision") on October 28, 2002, affirming the Hearing Panel decision, and issuing the identical sanctions.

18.  The Fieros did not appeal the NAC Decision further to the SEC.

19. More than a year after the NAC Decision, the NASD filed suit in New York State Supreme Court, New York County, seeking to obtain a judgment against the Fieros on the monetary portion of the NAC disciplinary determination.

20. Through that effort, the NASD obtained the Judgment.

21. The Fieros appealed the Judgment to the Appellate Division, First Department, which affirmed.

22. Upon the Fieros' application, which the NASD opposed, the New York Court of Appeals granted for leave to appeal.

23. Pursuant to the schedule of the New York Court of Appeals, the Fieros filed their appeal brief and record on August 6, 2007.

24. At the New York Court of Appeals, the Fieros argue, in the first instance, that the state courts do not have jurisdiction over the NASD's suit, due to federal preemption.

25. The Fieros also argue at the New York Court of Appeals, alternatively, that the NASD's action to recover a money judgment on the NAC Decision is time-barred, in that the NASD proceedings were essentially arbitration (private dispute resolution), and that any claim by the NASD is barred by the one-year limitations period of Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, and of CPLR § 215(5).

26. The Fieros further argue there that the NASD does not have the authority to judicially enforce the disciplinary determination because the NASD has not been given collection authority by the SEC; the NASD by-laws and rules do not provide for collection of sanctions; the NASD Manual provides that disciplinary procedures are not designed to recover damages or obtain relief for a party; the underlying NAC Decision

recited the repercussions for nonpayment without mentioning judgment or collection; the NASD did not traditionally seek to enforce collection of fines until the member sought reinstatement; under case law the right to impose a fine does not *per se* grant a right to collect; a membership association cannot recover an assessment that the association itself determined in an arbitrary or unliquidated amount; there was no meeting of minds that the "contract" upon which the NASD relies included the right to collect fines; the NASD's historical policies equitably estop its collection attempt; and the NASD has no actual damages.

27. This declaratory judgment action is brought in the event the New York Court of Appeals vacates the Judgment on the grounds that state courts lack subject matter jurisdiction over the NASD Claim due to federal preemption.

### As and for a First Claim for Relief
### For Declaratory Judgment

28. The Fieros therefore seek declaratory judgment that the NASD is time-barred from pursuing the NASD Claim against the Fieros.

29. Alternatively, the Fieros seek declaratory judgment that the NASD has no authority to obtain a money judgment based on the NASD Claim.

WHEREFORE, the Fieros respectfully request that a judgment be entered in their favor and against the NASD declaring that the NASD Claim is time-barred and/or otherwise not assertable by the NASD against the Fieros, together with costs and

reasonable expenses, and such other and further relief the Court deems just and equitable.

Dated: New York, New York
       August 29, 2007

                                    GUSRAE, KAPLAN, BRUNO &
                                    NUSBAUM PLLC

                                By: _____
                                    Brian D. Graifman (BG 5636)
                                    *Attorneys for the Plaintiffs*
                                    120 Wall Street
                                    New York, NY  10005
                                    212-269-1400

Fiero\bg2879